# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS B. SCHILLO II | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. ELH-19-3408 |
| HEATHER EDMOND, 1ST CHOICE PROPERTY MANAGEMENT | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

Plaintiff Thomas Schillo II, a resident of Linthicum, Maryland, filed suit alleging that 1st Choice Property Management and its manager, Heather Edmond, defendants, committed intentional fraud in the management of Schillo's property. ECF 1. He seeks monetary damages.

Schillo filed this action without submitting a Motion to Proceed In Forma Pauperis or paying the full filing fee. Because the Complaint must be dismissed for lack of subject matter jurisdiction, the Court will overlook this defect.

### I. Background

Schillo alleges that while he was living in Florida from 2016 to 2019, he hired defendants, who are domiciled in Marylnad, to manage his real property located in Maryland. Schillo claims he relied on defendants to perform a full background check for new tenants applying to rent his property. Further, Schillo contends that the tenant who rented the property and had been vetted by defendants caused over $250,000 in damages to the property. According to Schillo, he later discovered that the tenant was a personal friend of Edmond and has a long history in Maryland court. Schillo seeks damages for loss of income and "the devastating psychological effect this has had on [his] family." *Id.* at 7.

## II. Discussion

In the Complaint, Schillo, who is proceeding *pro se*, asserts that this Court has diversity and federal question jurisdiction over his claims. *Id.* at 4. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Moreover, a court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

"A court is to presume … that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Schillo contends that this Court may exercise its diversity jurisdiction over this action because he was a citizen of Florida at the time of the events. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). It is well settled that "the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir.1989). Thus, "jurisdiction of the court depends upon the state of things at the time … the action [is] brought."

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citation omitted).

There is no merit to Schillo's argument that diversity exists based on when the alleged fraud occurred. Schillo's return to Maryland destroys diversity between these litigants, and application of the "time of filing" rule requires dismissal.

Schillo is also unable to invoke this Court's federal question jurisdiction. Federal district courts have jurisdiction pursuant to 28 U.S.C. § 1331 over all civil actions arising under the Constitution, laws, or treaties of the United States. Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The allegations in the Complaint raise purely state law claims and in no way allege or imply a violation of constitutional or federal law. Thus, there is no federal question at issue.

Accordingly, the Complaint will be dismissed, without prejudice, for lack of subject matter jurisdiction. A separate Order follows.


February 13, 2020        /s/
Date        Ellen L. Hollander
       United States District Judge